## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CORNELL G. MALLORY**<br><br>**Plaintiff,**<br><br>v.<br><br>**VERIZON et al.,**<br><br>**Defendants.** | Civ. No. 2:12-cv-02366 (KM)(MAH)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MCNULTY**, District Judge.

This matter comes before the Court on the motion of the Plaintiff, Cornell G. Mallory, for a default judgment against the Defendants, Verizon, Keith Downey, Chris Lundgren, Richard Silver, and Jerry Vlasak (Docket No. 12), and the Defendants' opposition to the motion, with cross-motion to set aside default (Docket No. 14). For the reasons set forth below, default judgment will not be granted. Accordingly, the Plaintiff's motion will be **DENIED** and the Defendant's cross-motion will be **GRANTED.**

## I.  BACKGROUND

The plaintiff, Mallory, brings this suit for employment discrimination pursuant to Title VII of the Civil Rights Act. Compl. (Docket No. 1). Mallory is a resident of Union, New Jersey. *Id.* at 1. Mallory alleges discrimination on the basis of race by a Verizon supervisor, Chris Lundgren, in Irvington, New Jersey. Compl. at 2-3. Lundgren allegedly suspended and then dismissed the Plaintiff. *Id.* at 3.

The United States Marshals served process on all Defendants. (Docket No. 9) The summons, which states that the date of service was November 15, 2012, was received by the Court on December 3, 2012. *Id.* The proof of service shows that a copy of the summons and complaint was delivered to Cyril Bernard. *Id.* The Defendants assert that Bernard is a "plant cleaner" at Verizon's Newark facility who acts as a mail clerk. *Id.*, Def. Br. at 2. No one else at Verizon was personally served, including the individual Defendants. *Id.* The

Defendants assert that Verizon became aware of the attempted service on May 22, 2013 when it received a copy of the Court's letter order directing the Plaintiff to file for default or have the case dismissed. Def. Br. at 2; (Docket No. 10).

Mallory moved for default judgment in the amount of $50 million and the Clerk's Office entered default against the Defendants on May 17, 2013. (Docket Nos. 11, 12). The Defendants oppose the default and cross-move in opposition. (Docket No. 14). Mallory has not submitted a separate opposition to the Defendant's cross-motion.

## II.   DISCUSSION

Before the Court may enter default judgment against the Defendants, the Plaintiff must have executed proper service of the Complaint on the Defendants, and the Defendants must have failed to file a response within the time frame provided in the Federal Rules. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 18-19 (3d Cir. 1985); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d. Cir. 1995) (citing same). Pursuant to Fed. R. Civ. P. 12(a), the Defendants have twenty days from the date of service to file an answer. *Id.* If those requirements are met, the Court must consider three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *Gold Kist, Inc.*, 756 F.2d at 19 (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir.1983); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir.1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982)).

Here, the Defendants failed to respond to the Complaint within the time allotted by the Federal Rules, but they contend that they were not properly served. The party asserting the validity of service bears the burden of proof. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (citing 4A Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)); *Polifroni v. Commercial Recovery Sys.*, No. 11-03362 (WHW), 2012 WL 3018292, * 4 (D.N.J. July 24, 2012) (denying motion for default judgment because plaintiff did not demonstrate that defendant was properly served).

Service of Verizon, a corporate entity, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or

any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1). New Jersey law states in relevant part that service on a corporation may be made:

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Rule 4:4-4(a)(6).

Service of the individual defendants may be made under the Federal Rules by delivering a copy or of the summons and complaint on the individual personally; by leaving a copy of each at the individual's dwelling or "usual place of abode" with "someone of reasonable age or discretion who resides there; or delivering a copy of each to "an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). It may also be made by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). The New Jersey rule for serving individuals mirrors the Federal Rule. *See* N.J. Rule 4:4-4(a)(1).

In this case, the the United States Marshals delivered a copy of the summons and complaint to "Mr. Cyril Bernard" at Verizon's Newark facility. (Docket No. 9); Def. Br. at 6. The Defendants assert that Bernard is a "plant cleaner" and not an officer, managing agent, general agent, director, or trustee of Verizon, or "in charge" of the Verizon Newark facility. Def. Br. at 6; Glannon Cert. (Docket No. 14-6) ¶ 4. They further argue that Bernard was not appointed as an agent authorized to receive service for any of the Defendants, and that his status as a mail clerk does not establish that he is authorized to accept service of process on their behalf. *Id.* at 6, 8; Glannon Cert. ¶ 5; Downey Cert. (Docket No. 14-5) ¶ 4; Silver Cert. (Docket No. 14-4) ¶ 4; Lundgren Cert. (Docket No. 14-2) ¶ 4; Vlasak Cert. (Docket No. 14-3) ¶ 4. They also assert that

the Plaintiff did not attempt to serve the individual defendants personally or by leaving copies of the summons and complaint at their "dwellings or places of abode." Def. Br. at 8; Downey Cert. ¶ 2; Silver Cert. ¶ 2; Lundgren Cert. ¶ 2; Vlasak Cert. ¶ 2.

The Plaintiff has not submitted any separate opposition to the Defendants' cross motion and has not offered any proof that Bernard was an authorized agent or that service was proper on the Defendants. Because the burden of showing that service is proper is on the party asserting it, this would seem to establish that the Defendants were not in default. However, I need not hinge the disposition of this Opinion on whether service was proper, because I would nevertheless find that default judgment is inappropriate here.

All three *Gold Kist* factors weigh against awarding default judgment. First, there has been no showing that the Plaintiff will be prejudiced by the denial of default judgment. Second, there is some indication that Defendants have a meritorious defense, both as to the adequacy of service and as to the adequacy of the allegations of the complaint.[1] Third, the default was not the result of the Defendants' culpable conduct. Culpable conduct is conduct "taken willfully or in bad faith." *Chamberlain v. Giampapa*, 210 F.3d 154,164 (3d Cir. 2000)(citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir.1983)). The Defendants assert that they were wholly unaware of any attempted service until May 22, 2013, when it received a letter from the Court concerning the default, and that their ensuing attempts to locate the summons and complaint delivered to Bernard were unsuccessful. Def. Br. at 2-3. After receiving the Court's letter, the Defendants made a timely response to the entry of default and motion for default judgment. *Id.* at 13. Regardless of whether the service was technically deficient, there is no indication that the Defendants acted willfully or in bad faith.

## III. CONCLUSION

The entry of default judgment is not appropriate here. Plaintiff has not carried his burden of establishing that service of the Summons and Complaint was properly made on the Defendants. Furthermore, there is no good argument against allowing the case to proceed on the merits.

---

[1] The *pro se* complaint alleges only that the Plaintiff was suspended and then dismissed by a supervisor "who is a racist."

Accordingly,

**IT IS** this 23d day of December 2013,

     **ORDERED** that the Plaintiff's motion for default judgment in the amount of $50 million (Docket No. 12) is **DENIED**, and the Defendants' cross-motion to set aside default (Docket No. 14) is **GRANTED**. The Clerk's entry of default is **VACATED**.

 

**KEVIN MCNULTY**
**United States District Judge**