## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CORNELL G. MALLORY** | Civ. No. 2:12-cv-02366 (KM)(MAH) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **VERIZON et al.,** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of Defendants Verizon, Keith Downey, Chris Lundgren, Richard Silver, and Jerry Vlasak[1] (collectively "Verizon Defendants") (ECF No. 24) to dismiss the complaint (ECF No. 1) of Plaintiff Cornell G. Mallory ("Mallory") pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(5), and 12(b)(2). I decide the motion without oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the motion to dismiss is **granted** and the complaint is **dismissed without prejudice**.

### I.    BACKGROUND

Mallory brings this complaint for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Compl., ECF No. 1). Mallory was at one point employed by Verizon.[2] His complaint contains a single substantive factual allegation: "Verizon has a supervisor there

---

[1]     The defendants named as "Jerry Vlasic" and "Verizon" are properly identified as Jerry Vlasak and Verizon New Jersey Inc.

[2]     A representative of Verizon has stated that Mallory is now working for Verizon again. I do not take that circumstance, if true, into account for purposes of this motion.

named Chris Lundgren who is a racist and has suspended me over and over until he finally dismissed me." (*Id.* ¶9). Mallory has checked the box in the form complaint indicating that the claim of discrimination is based on "Race." (*Id.* ¶10). No allegations at all are set forth against anyone other than Lundgren.

Attached to the complaint is a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission, which states that the agency was "unable to conclude that the information obtained established violations of the statutes." (ECF No. 1-1).

Mallory first attempted to serve the complaint on November 15, 2012. (ECF No. 9). On that date, United States Marshals delivered a copy of the summons and complaint to Cyril Bernard. (ECF No. 9). The Verizon Defendants assert that Cyril Bernard is a "plant cleaner" who acts as a mail clerk for Verizon and is not an "officer" of Verizon or authorized to receive service of process for Verizon or its employees. (Def. Mot. 3, ECF No. 24-1). The Verizon Defendants contend that because Verizon's Legal Department never received the summons and complaint, Verizon only became aware of the lawsuit on May 22, 2013, when they received an order from this Court indicating that their time to answer the complaint had expired. (*Id.*).

On May 17, 2013, the clerk entered a default as to all Verizon Defendants for failure to plead or otherwise respond to the complaint. (ECF No. 11). The same day, Mallory moved for default judgment. (ECF No. 12). On June 3, 2013, the Verizon Defendants submitted an opposition to Mallory's motion and cross-moved to set aside the default. (ECF No. 14).

Then, on June 5, 2013, Mallory attempted to serve process a second time. (ECF No. 19). On that date, United States Marshals delivered documents to Loretta Oneill, who is listed as an "executive

assistant." (*Id.*). The Verizon Defendants have offered proof that this second attempt at serving process was also improper, as it did not contain the complaint itself. (Letter, ECF No. 20). The Verizon Defendants contend that to this day, Mallory has not properly served any of them. (Def. Mot. 14).

On December 23, 2013, I denied Mallory's motion for default judgment and granted the Verizon Defendants' motion to set aside the default. (Mem. Op. & Order, ECF No. 21).

On January 21, 2014, the Verizon Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(5), and 12(b)(2).

## II.   DISCUSSION

Because Mallory has not demonstrated sufficient service of process, has not established personal jurisdiction over the Defendants, and has failed to state a claim upon which relief can be granted, his complaint will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6).

### a. Insufficient service of process

Fed. R. Civ. P. 12(b)(5) allows for dismissal when service of process is insufficient. "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (citing 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)); *see Coulter v. U.S. Dep't of Homeland Sec.*, No. CIV.A.07-4894JAG, 2009 WL 3068395, at *4 (D.N.J. Sept. 23, 2009) ("When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." (internal quotations and citations omitted)).

Fed. R. Civ. P. 4(m) addresses the time limit for service of process:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Verizon Defendants have submitted evidence that Mallory's first attempted service on Cyril Bernard was improper. (*See* Mem. Op. & Order 3–4 (citing such evidence)). Indeed, this was partly the reason for my denying default judgment to Mallory and granting the Verizon Defendants' motion to set aside their default. (*Id.* at 4). To this day, Mallory has not offered any proof that Bernard was an authorized agent or that service was properly made on the Verizon Defendants. (*See id.*). Rather, Mallory attempted service once again on June 5, 2013, over 400 days after his Complaint was filed. (ECF No. 19). This attempted service was made without leave of the Court.

The Verizon Defendants have offered proof that this second attempt at serving process was also improper. (Letter, ECF No. 20). Specifically, the Verizon Defendants have provided this Court with the documents contained in Mallory's second attempted service. (Letter, Ex. B). The documents are: (1) four copies of this Court's May 15, 2013 Letter Order (ECF No. 10); (2) four copies of Mallory's Notice of Motion dated May 17, 2013 (ECF No. 12); (3) four copies of Mallory's Affidavit in Support of Motion dated May 17, 2013 (ECF No. 12-1); and (4) three copies of the Alias Summons issued October 17, 2012 (ECF No. 6). (Letter 1–2, Ex. B). The Complaint was not one of the documents.

Mallory has not offered any argument, much less any proof, that either attempt to serve process was valid. His opposition to the Verizon Defendants' motion simply asks that I "continue this case" because he and his wife "have gone through numerous hardships because of what Verizon and its managers have done." (Pl. Opp. 1, ECF No. 27). Pro se litigants must be afforded some degree of leniency, but I cannot simply

dispense with the requirement of service of process. Thus, I must dismiss his complaint pursuant to Fed. R. Civ. P. 12(b)(5).

### b. Lack of personal jurisdiction

Relatedly, Mallory's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because he has not obtained personal jurisdiction over the Verizon Defendants.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2001).

Because Mallory has not made any showing of proper service of process, this Court also lacks personal jurisdiction over the Verizon Defendants. Alternatively, then, I must dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(2).

### c. Failure to state a claim

It would ordinarily be the Court's inclination to work out a cooperative procedure to effect service of process. Such efforts would be futile, however, because this complaint patently fails to state a claim upon which relief can be granted and, even if properly served, is subject to immediate dismissal.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a

motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

As the Third Circuit instructed post-*Iqbal*, "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Iqbal*, 556 U.S. at 662). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 555).

Mallory is of course appearing *pro se*. A *pro se* complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers."
*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must
meet some minimal standard.

The only substantive factual allegation in the complaint is that
"Verizon has a supervisor there named Chris Lundgren who is a racist
and has suspended me over and over until he finally dismissed me."
(Compl. ¶9). This is the sort of "'naked assertion' devoid of 'further
factual enhancement'" that *Iqbal* and *Twombly* deemed impermissible.
*Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 555). Simply calling
someone a "racist" does not establish the basis of a claim. The complaint
also fails to state any facts whatever as to the alleged suspensions or the
dismissal. The other three individual defendants are not even mentioned
in the complaint. It is not a matter of the sufficiency of the factual
allegations; this complaint sets forth virtually no factual allegations at
all. It does not state or even suggest a plausible Title VII claim.

## III.  CONCLUSION

For the foregoing reasons, the motion to dismiss the complaint is
**granted**, and the complaint is **dismissed without prejudice**.

Dated: January 29, 2015

**KEVIN MCNULTY**
**United States District Judge**

7